IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDIANA FEDERAL<br>COMMUNITY DEFENDERS<br>111 Monument Circle, Ste. 3200<br>Indianapolis, IN 46204<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF JUSTICE<br>EXECUTIVE OFFICE FOR UNITED<br>STATES ATTORNEYS<br>175 N Street, N.E.<br>Suite 5.400<br>Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF JUSTICE<br>OFFICE OF INFORMATION POLICY<br>6th Floor<br>441 G St. N.W.<br>Washington, D.C. 20530<br><br>        Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

The Indiana Federal Community Defenders ("IFCD" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief brought by IFCD against the United States

1

Department of Justice ("DOJ"), the Executive Office of the United States Attorneys ("EOUSA"), and the Office of Information Policy ("OIP") (collectively, "Defendants").

2. By this action, the IFCD seeks to compel Defendants to comply with their obligations under FOIA to release records IFCD requested pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff IFCD is a community defender organization. Pursuant to the Southern District of Indiana's Criminal Justice Act plan, IFCD serves as the federal defender organization for the Southern District of Indiana. In addition to representing individuals charged with crimes in the Southern District of Indiana, IFCD also houses a Capital § 2255 Unit, dedicated to representing individuals on federal death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2255. IFCD is incorporated under Indiana state law and organized as a nonprofit under section 501(c)(3) of the Internal Revenue Code. IFCD's office is located in Indianapolis, Indiana.

4. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. Defendant EOUSA is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. EOUSA has possession,

custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 175 N Street, N.E., Suite 5.400, Washington, D.C. 20530.

6. Defendant OIP is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. OIP has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 441 G St. N.W., 6th Floor, Washington, D.C. 20530.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

9. On July 18, 2019, the United States District Court for the Central District of California appointed IFCD, along with Timothy J. Foley, to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings. Ex. 1. Mr. Kadamovas is currently on federal death row, having been convicted of a number of counts and sentenced to death in the Central District of California in 2007.

10. During Mr. Kadamovas's trial, it came to light that, while his case was pending, the presiding judge had submitted his name to be considered for the position of U.S. Attorney for the Central District of California, the office prosecuting Mr. Kadamovas. Ex. 2.

11. IFCD has submitted FOIA requests to DOJ and its components seeking records related to the search to fill the open U.S. Attorney position in 2006 and 2007.

### Request to DOJ's Mail Referral Unit

12. On February 24, 2020, IFCD submitted a FOIA request to the Department of Justice Mail Referral Unit ("MRU"), DOJ's general FOIA inbox that "will then forward your request to the DOJ component they determine is most likely to maintain the records you are seeking."[1] The FOIA request sought "a complete copy of any and all records maintained by your agency pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006. Please include any records related to this search that predate Yang's resignation, as well as any records related to this search that postdate the position being filled." Ex. 3.

### MRU's Referral to EOUSA

13. On March 30, 2020, IFCD received a letter from MRU indicating that it forwarded the FOIA request to EOUSA. Ex. 4.

### EOUSA's Referral to OIP and OIP's Denial

14. On June 9, 2020, EOUSA sent IFCD a letter stating that it forwarded the FOIA request to OIP, and that this was their final action on the request. Ex. 5.

15. On June 16, 2020, OIP acknowledged receipt of IFCD's FOIA request. Ex. 6.

16. On February 18, 2021, OIP sent IFCD a letter stating that OIP could not locate any records in response to the FOIA request. Ex. 7.

---

[1] *See* U.S. DEP'T OF JUSTICE, *Make a FOIA Request to DOJ*, https://www.justice.gov/oip/make-foia-request-doj (last accessed 3/30/2022).

### IFCD's Administrative Appeal of EOUSA's Actions

17. On July 17, 2020, IFCD administratively appealed EOUSA's action on the request, indicating that IFCD believed that EOUSA did not conduct an adequate search for responsive records before referring the request to OIP. Ex. 8.

18. On August 6, 2020, OIP affirmed EOUSA's action on your FOIA request. OIP's letter stated, "I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that EOUSA's action was correct and that it conducted an adequate, reasonable search for such records. EOUSA also forwarded a copy of your request to OIP for processing because the records you seek are likely to be maintained by the Office of the Attorney General. I have determined that EOUSA's action was correct." Ex. 9.

### IFCD's Administrative Appeal of OIP's Actions

19. On March 1, 2021, IFCD administratively appealed OIP's action on the FOIA request, indicating that IFCD believed that OIP did not conduct an adequate search for responsive records. Ex. 10.

20. On April 13, 2021, OIP affirmed the action of its Initial Request staff on the FOIA request. OIP's letter stated, "The IR Staff informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that the IR Staff's action was correct and that it conducted an adequate, reasonable search for such records." Ex. 11.

### Internal EOUSA Emails State That EOUSA Did Not Conduct a Search

21. IFCD submitted a FOIA request to EOUSA for their records related to processing IFCD's initial FOIA request on September 3, 2020. Ex. 12. EOUSA responded to this request and disclosed emails between EOUSA staff and OIP staff. Ex. 13.

22. In the disclosed emails, EOUSA staff state, "*EOUSA will not be performing a search.*" Ex. 13.

### OIP's Case Notes Suggest that OIP Searched for Information About Debra Wong Yang, Rather Than Information About the Search to Replace Her

23. IFCD submitted a FOIA seeking OIP's records related to processing IFCD's initial FOIA request. Ex. 14. OIP responded to this request and disclosed Case Notes on July 21, 2021. Ex. 15.

24. These notes suggest that OIP staff looked for information related to Debra Wong Yang, the outgoing US Attorney, instead of records about the "*search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang,*"—as per IFCD's request. For example, the Case Notes state that OIP, "Conducted a RITT search by name (Debra Wong Yang) –no hits; searched Wong Yang- no hits" and "IQ search Wong Yang (WF)- 15 hits -1 hit responsive {Wong Yang} (contact) {Debra Wong Yang} no records." Ex. 15.

### In Telephone Conversations, One OIP Staff Member Indicated that OIP Would Have Responsive Records, But Another Indicated that EOUSA Would Have Responsive Records

25. Daniel Castellano, who signed OIP's appeal determination affirming EOUSA's decision to refer the request to OIP and determining that EOUSA conducted an adequate and reasonable search, stated during a December 14, 2020, telephone conversation that EOUSA did not have any records because hiring U.S. Attorneys happens through the Office of Legal Policy and Attorney General's Office, not at the district level. He indicated that OIP would be responsible for records from those offices (suggesting that OIP, not EOUSA, was the correct component from which to request records). Ex. 16 at ¶ 12.

26. On the other hand, during a February 24, 2021, telephone conversation, OIP's FOIA Public Liaison Valeree Villanueva, expressed that, in her opinion, the records IFCD requested

should be records that EOUSA would know of (suggesting that EOUSA, not OIP, was the correct component from which to request records). She indicated that if IFCD was not satisfied with EOUSA's response, IFCD could appeal. When informed that IFCD had already appealed EOUSA's determination and OIP had affirmed, she responded that it was up to IFCD whether it was satisfied with that response. Ex. 16 at ¶ 18.

### IFCD's Second Request to OIP

27. On March 1, 2021, IFCD submitted a new request to OIP, which was broader than IFCD's earlier request and included additional background information to assist with the search. Whereas the earlier request had asked for records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006, the new request stated:

> Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.
>
> *By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.
>
> Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in

>   the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

Ex. 17.

28. On March 22, 2021, OIP acknowledged IFCD's March 1, 2021 FOIA request. OIP's acknowledgement letter stated, "The records you seek require a search in and/or consultation with another Office, and so your request falls within unusual circumstances. See 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." Ex. 18.

29. As of the date of this Complaint, it has been 406 days since IFCD submitted its March 1, 2021 FOIA request, and Plaintiff has still not received a determination from OIP with respect to this request.

**IFCD's Second Request to EOUSA**

30. On March 1, 2021, IFCD submitted a new request to EOUSA, which was broader than IFCD's earlier request and included additional background information to assist with the search. Whereas the earlier request had asked for records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006, the new request stated:

>   Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in

> the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.
>
> *By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.
>
> Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

Ex. 19.

31. On March 2, 20201, EOUSA sent an email referring to IFCD's previous FOIA request and indicating that OIP would have the records. Ex. 20. The same day, IFCD responded to EOUSA's email, explaining that EOUSA's email referred to a previous request, but that IFCD had submitted a new FOIA request. *Id.* EOUSA never responded to that email.

32. On March 4, 2021, and again on June 10, 2021, IFCD sent follow up emails to EOUSA. Ex. 20.

33. To date, EOUSA has not responded to IFCD's March 4, 2021 or June 10, 2021 emails.

34. As of the date of this Complaint, it has been 406 days since IFCD submitted its March 1, 2021 FOIA request, and Plaintiff has still not received a determination from EOUSA with respect to this request.

**No Records Have Been Produced in Response to IFCD's Requests for Information About the Search to Fill the US Attorney Position**

35. As of the date of this Complaint, DOJ and its components have not produced any records in response to IFCD's FOIA requests seeking information about the search to fill the US Attorney position.

**CAUSES OF ACTION**

**Count 1: Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records (All Defendants)**

36. IFCD repeats and realleges the foregoing paragraphs.

37. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

38. IFCD properly asked for records within the possession, custody, and control of the Defendants.

39. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

40. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

41. Defendants have wrongfully withheld the requested records from IFCD.

42. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 2: Violation of FOIA for Failure to Conduct a Reasonable Search (All Defendants)**

43. IFCD repeats and realleges the foregoing paragraphs.

44. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

45. IFCD properly asked for records within the possession, custody, and control of the Defendants.

46. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

47. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to IFCD's request for records, in violation of their obligations under FOIA. 5 U.S.C. § 552(a)(3).

48. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 3: Violation of FOIA for Failure to Comply with Statutory Deadlines (All Defendants)**

49. IFCD repeats and realleges the foregoing paragraphs.

50. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

51. IFCD properly asked for records within the possession, custody, and control of the Defendants.

52. IFCD's FOIA requests complied with all applicable regulations regarding the submission of FOIA requests.

53. Defendants failed to make a determination regarding IFCD's requests within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

54. The failure of Defendants to make a determination with respect to IFCD's FOIA requests within FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

55. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

56. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

57. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## **REQUESTED RELIEF**

Wherefore, Plaintiff IFCD prays for the following relief:

A. Declare Defendants' failure to comply with FOIA to be unlawful;

B. Declare that Plaintiff is entitled to disclosure of the requested records;

C. Order Defendants to conduct searches reasonably calculated to identify all records responsive to Plaintiff's requests;

D. Issue an injunction enjoining Defendants from withholding the records requested by Plaintiffs;

E. Award IFCD its costs and reasonable attorneys' fees in this action; and

F. Provide such other further relief as the Court may deem just and proper.

Dated April 11, 2022

Respectfully submitted,

/s/ F. Italia Patti
F. Italia Patti (IN Bar No. 34725-02)
Joshua B. Pickar (NY Bar No. 5579768)
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org
josh_pickar@fd.org
Attorneys for Plaintiff